Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

RAUL ANTONIO SOSA DUARTE, SANTIAGO DE JESUS VASQUEZ HERNANDEZ, MARTIN FAUSTO GONZALEZ PEREZ, HORLANDO MONTES VARELA, NESTTOR GRIMALDY OVALLE VASQUEZ, RAMON MENDOZA GARCIA, ROSA ISABEL NOGUERA JARA, JOSE ARISTIDES BARRERA LOZANO, JUAN FERNANDO BANEGAS MATUTE, DARWIN JOSUE MATUTE MEZA, ERLIN DANILO SOLIS VILLALTA, RIDONIER ESPINOZA VELASQUEZ, OSCAR EMILIO CARDONA GARCIA, JUAN MACEDA GARCIA, BONNY HERNANDEZ DE LA CRUZ, CARLOS ROBERTO ALFARO CEVEDA, JESUS AYALA MARTINEZ, ANIBAL REYES GAMEZ, ROSA AMELIA GUAMAN LOJANO, and ALLAN NOE RIVAS GOMEZ, individually and on behalf of all others similarly situated,

**CLASS/COLLECTIVE ACTION COMPLAINT**

JURY TRIAL REQUESTED

Plaintiffs,

-against-

CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC, and WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE, as individuals,

Defendants.

----------------------------------------------------------------------X

Plaintiffs, **RAUL ANTONIO SOSA DUARTE, SANTIAGO DE JESUS VASQUEZ HERNANDEZ, MARTIN FAUSTO GONZALEZ PEREZ, HORLANDO MONTES VARELA, NESTTOR GRIMALDY OVALLE VASQUEZ, RAMON MENDOZA GARCIA, ROSA ISABEL NOGUERA JARA, JOSE ARISTIDES BARRERA LOZANO, JUAN**

**FERNANDO BANEGAS MATUTE, DARWIN JOSUE MATUTE MEZA, ERLIN DANILO SOLIS VILLALTA, RIDONIER ESPINOZA VELASQUEZ, OSCAR EMILIO CARDONA GARCIA, JUAN MACEDA GARCIA, BONNY HERNANDEZ DE LA CRUZ, CARLOS ROBERTO ALFARO CEVEDA, JESUS AYALA MARTINEZ, ANIBAL REYES GAMEZ, ROSA AMELIA GUAMAN LOJANO, and ALLAN NOE RIVAS GOMEZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC, and WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **CROSSCITY CONSTRUCTION CORP.** located at 38-61 12th Street, Long Island City, New York 11101; **NYC MODERN CONSTRUCTION INC.** located at 61-27 186th Street, Fresh Meadows, New York 11365; **CROSSCITY INSPECTION SERVICES, INC.** located at 61-27 186th Street, Fresh Meadows, New York 11365; **US YUCHANG TRADING COMPANY CORPORATION** located at 61-27 186th Street, Fresh Meadows, New York 11365; **NYC EDEN CONSTRUCTION INC.** located at 7 Beverly Road, Great Neck, New York 11021; **YAN ZHI HOTEL MANAGEMENT INC.** located at 61-27 186th Street, Fresh Meadows, New York 11365; **CHERRY BLOSSOM MANAGEMENT CORP.** located at 213-37 39th Avenue, #160, Bayside, New York 11361; **and MEIQIAO LLC** located at 61-27 186th Street, Fresh Meadows, New York 11365.
2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest,

attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.
6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiffs*

7. Plaintiff RAUL ANTONIO SOSA DUARTE, residing in Brooklyn, New York, was employed by Defendants from in or around March 2021 until in or around March 2022.
8. Plaintiff SANTIAGO DE JESUS VASQUEZ HERNANDEZ, residing in Flushing, New York, was employed by Defendants from in or around February 2024 until in or around October 2024.
9. Plaintiff MARTIN FAUSTO GONZALEZ PEREZ, residing in Bronx, New York, was employed by Defendants from in or around January 2024 until in or around March 2024.
10. Plaintiff HORLANDO MONTES VARELA, residing in Flushing, New York, was employed by Defendants from in or around November 2023 until in or around December 2024.
11. Plaintiff NESTTOR GRIMALDY OVALLE VASQUEZ, residing in Jersey City, New Jersey, was employed by Defendants from in or around October 2023 until in or around December 2024.
12. Plaintiff RAMON MENDOZA GARCIA, residing in Oakland Gardens, New York, was employed by Defendants from in or around July 2023 until in or around September 2024.

13. Plaintiff ROSA ISABEL NOGUERA JARA, residing in Jamaica, New York, was employed by Defendants from in or around November 2023 until in or around June 2024.

14. Plaintiff JOSE ARISTIDES BARRERA LOZANO, residing in Brooklyn, New York, was employed by Defendants from in or around September 2022 until in or around September 2024.

15. Plaintiff JUAN FERNANDO BANEGAS MATUTE, residing in Elizabeth, New Jersey, was employed by Defendants from in or around September 2022 until in or around September 2024.

16. Plaintiff DARWIN JOSUE MATUTE MEZA, residing in Elizabeth, New Jersey, was employed by Defendants from in or around September 2022 until in or around September 2024.

17. Plaintiff ERLIN DANILO SOLIS VILLALTA, residing in Richmond Hill, New York, was employed by Defendants from in or around November 2019 until in or around September 2024.

18. Plaintiff RIDONIER ESPINOZA VELASQUEZ, residing in Woodside, New York, was employed by Defendants from in or around March 2021 until in or around September 2024.

19. Plaintiff OSCAR EMILIO CARDONA GARCIA, residing in Newark, New Jersey, was employed by Defendants from in or around August 2021 until in or around August 2024.

20. Plaintiff JUAN MACEDA GARCIA, residing in Bronx, New York, was employed by Defendants from in or around February 2019 until in or around September 2024.

21. Plaintiff BONNY HERNANDEZ DE LA CRUZ, residing in Bronx, New York, was employed by Defendants from in or around September 2019 until in or around July 2024.

22. Plaintiff CARLOS ROBERTO ALFARO CEVEDA, residing in Brooklyn, New York, was employed by Defendants from in or around May 2019 until in or around September 2024.

23. Plaintiff JESUS AYALA MARTINEZ, residing in Brooklyn, New York, was employed by Defendants from in or around July 2022 until in or around October 2024.

24. Plaintiff ANIBAL REYES GAMEZ, residing in Brooklyn, New York, was employed by Defendants from in or around October 2021 until in or around October 2024.

25. Plaintiff ROSA AMELIA GUAMAN LOJANO, residing in Corona, New York, was employed by Defendants from in or around February 2019 until in or around July 2024.

26. Plaintiff ALLAN NOE RIVAS GOMEZ, residing in Jamaica, New York, was employed by Defendants from in or around August 2022 until in or around December 2024.

***Corporate Defendants***

**CROSSCITY CONSTRUCTION CORP.**

27. Defendant CROSSCITY CONSTRUCTION CORP. is a domestic business corporation, organized under the laws of the State of New York with a principal executive office and service of process address located at 38-61 12th Street, Long Island City, New York 11101.

28. At all relevant times hereto, Defendant CROSSCITY CONSTRUCTION CORP., through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

29. Accordingly, at all relevant times hereto, Defendant CROSSCITY CONSTRUCTION CORP. was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

**NYC MODERN CONSTRUCTION INC.**

30. Defendant NYC MODERN CONSTRUCTION INC. is a domestic business corporation, organized under the laws of the State of New York with a principal executive office and service of process address located at 61-27 186th Street, Fresh Meadows, New York 11365.

31. At all relevant times hereto, Defendant NYC MODERN CONSTRUCTION INC., through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

32. Accordingly, at all relevant times hereto, Defendant NYC MODERN CONSTRUCTION INC. was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

**CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC.**

33. Defendant, CROSSCITY INSPECTION SERVICES, INC., is a domestic business corporation organized under the laws of New York with a principal executive office and service of process address located at 61-27 186th Street, Fresh Meadows, New York 11365.

34. Defendant, US YUCHANG TRADING COMPANY CORPORATION, is a domestic business corporation organized under the laws of New York with a principal executive office and service of process address located at 61-27 186th Street, Fresh Meadows, New York 11365.

35. Defendant, NYC EDEN CONSTRUCTION INC., is a domestic business corporation organized under the laws of New York with a principal executive office and service of process address located at 7 Beverly Road, Great Neck, New York 11021.

36. Defendant, YAN ZHI HOTEL MANAGEMENT INC., is a domestic business corporation organized under the laws of New York with a principal executive office and service of process address located at 61-27 186th Street, Fresh Meadows, New York 11365.

37. Defendant, CHERRY BLOSSOM MANAGEMENT CORP., is a domestic business corporation organized under the laws of New York with a principal executive office and service of process address located at 213-37 39th Avenue, #160, Bayside, New York 11361.

38. Defendant, MEIQIAO LLC, is a domestic limited liability company organized under the laws of New York with a principal executive office and service of process address located at 61-27 186th Street, Fresh Meadows, New York 11365.

**Joint Enterprise(s) of the Corporate Defendants**

39. At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

40. Corporate Defendants shared a common or overlapping management, as all were operated by the individual Defendants sued herein.

41. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

42. Corporate Defendants functioned as a single integrated enterprise for purposes of the NYLL.

43. Upon information and belief, Defendants CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC, were and are engaged in construction projects and simultaneously operated at and on the same job sites where Plaintiffs performed work.

44. At all times relevant hereto, Defendants CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC, acted as a single employer in general and as joint employers with respect to Plaintiffs, as Defendants held out Plaintiffs as the employees of all Corporate Defendants.

45. All corporate entities employed the same employees, including Plaintiffs, performed work on the same job site, and were all responsible for issuing Plaintiffs their wages.

46. Upon information and belief, CROSSCITY CONSTRUCTION CORP., and NYC MODERN CONSTRUCTION INC., were engaged in construction contracting and acted as the contractor that oversaw the work performed by Corporate Defendants CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC, for the projects where Plaintiffs performed work.

47. Upon information and belief, Defendants CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC, acted as subcontractors and

maintained a contractor-subcontractor relationship with CROSSCITY CONSTRUCTION CORP., and NYC MODERN CONSTRUCTION INC for all relevant job sites herein.

48. The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants.

49. Accordingly, at all relevant times hereto, Defendants CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC, and CROSSCITY CONSTRUCTION CORP., and NYC MODERN CONSTRUCTION INC were Plaintiffs' employers within the meaning and the intent of the FLSA, and the NYLL.

50. Corporate Defendants are jointly and severally liable for all wages owed to Plaintiffs pursuant to NYLL §198-E Construction Industry Wage Theft, which states, "(1) A contractor making or taking a construction contract shall be liable for any debt resulting from an action under section one hundred ninety-eight of this article, owed to an employee or third party on the employee's behalf, incurred by a subcontractor at any tier acting under, by, or for the contractor or its subcontractors for the employee's performance of labor."

51. Further, pursuant to NYLL §198-E (5), "In the case of an action against a subcontractor, the contractor shall be considered jointly and severally liable for any unpaid wages, benefits, wage supplements, and any other remedies available pursuant to the requirements of section one hundred ninety-eight of this article."

52. Here, to the extent that CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC, acted as subcontractors to CROSSCITY CONSTRUCTION CORP., and NYC MODERN CONSTRUCTION INC., CROSSCITY CONSTRUCTION CORP., and NYC MODERN CONSTRUCTION INC., are also liable for any wages owed to Plaintiffs at all job sites at which the contractors and subcontractors performed work pursuant to NYLL §198-e.

53. Upon information and belief, Plaintiffs performed work for CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY

CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC, at various job sites throughout their employment, including but not limited to: 58 West 39th Street, New York, New York and 319 West 35th Street, New York, New York (hereinafter, the "Job Sites").

54. At all times relevant to the allegations contained in the complaint, Corporate Defendants were and are, enterprises engaged in interstate commerce within the meaning of the FLSA, and that, CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., MEIQIAO LLC, (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***The Individual Defendants***

**WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE**

55. Upon information and belief, at all relevant times hereto, Defendants WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE own and operate CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC.

56. Upon information and belief, Defendants WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE are the agents of CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION

INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC.

57. At all relevant times hereto, Defendants WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE are responsible for overseeing the daily operations of CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC.

58. At all relevant times hereto, Defendants WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE have power and authority over all the final personnel decisions at CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC.

59. At all relevant times hereto, Defendants WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE have the power and authority over all final payroll decisions of CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC, including the Plaintiffs.

60. At all relevant times hereto, Defendants WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE have the exclusive final power to hire the employees of CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC, including the Plaintiffs.

61. At all relevant times hereto, Defendant WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE have exclusive final power over the firing and termination of the employees of CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC, including Plaintiffs.

62. At all relevant times hereto, Defendant WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE are responsible for determining, establishing, and paying the wages of all employees of CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC, including the Plaintiffs, setting their work schedules, and maintaining all their employment records in the business.

63. Accordingly, at all relevant times hereto, Defendants WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE were and are Plaintiffs' employers within the meaning and the intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

64. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in July 2026, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning July 2020 through present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

## RAUL ANTONIO SOSA DUARTE

65. Plaintiff RAUL ANTONIO SOSA DUARTE has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around March 2021 until in or around March 2022.

66. Plaintiff regularly worked approximately five (5) to six (6) days per week from in or around March 2021 until in or around March 2022.

67. Plaintiff regularly worked approximately nine (9) hours per day for three (3) to four (4) days per week and approximately ten (10) hours per day for two (2) days per week from in or around March 2021 until in or around March 2022.

68. Thus, Plaintiff was regularly required to work approximately forty-seven (47) to fifty-six (56) hours per week, from in or around March 2021 until in or around March 2022.

69. Plaintiff was paid by Defendants an hourly rate of $29.00 per hour from in or around March 2021 until in or around March 2022.

70. Plaintiff was paid in combination of check and cash.

71. Although, Plaintiff worked approximately forty-seven (47) to fifty-six (56) hours per week from in or around March 2021 until in or around March 2022, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

72. Plaintiff was paid by Defendants approximately every two (2) weeks from in or around March 2021 until in or around May 2021. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

73. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

74. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

75. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

76. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

77. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge

about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

78. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**SANTIAGO DE JESUS VASQUEZ HERNANDEZ**

79. Plaintiff SANTIAGO DE JESUS VASQUEZ HERNANDEZ has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around February 2024 until in or around October 2024.

80. Plaintiff regularly worked approximately six (6) to seven (7) days per week from in or around February 2024 until in or around October 2024.

81. Plaintiff regularly worked approximately ten (10) hours per day for five (5) days per week and approximately eight-and-a-half (8.5) hours per day for one (1) to two (2) days per week, from in or around February 2024 until in or around October 2024.

82. Thus, Plaintiff was regularly required to work approximately fifty-eight-and-a-half (58.5) to sixty-seven (67) hours per week from in or around February 2024 until in or around October 2024.

83. Plaintiff was paid by Defendants an hourly rate of $25.00 per hour from in or around February 2024 until in or around July 2024 and an hourly rate of $28.00 per hour from in or around August 2024 until in or around October 2024.

84. Plaintiff was paid in combination of check and cash.

85. Although, Plaintiff worked approximately fifty-eight-and-a-half (58.5) to sixty-seven (67) hours per week from in or around February 2024 until in or around October 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

86. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

87. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

88. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

89. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

90. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

91. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**<u>MARTIN FAUSTO GONZALEZ PEREZ</u>**

92. Plaintiff MARTIN FAUSTO GONZALEZ PEREZ has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around January 2024 until in or around March 2024.

93. Plaintiff regularly worked approximately five (5) to six (6) days per week from in or around January 2024 until in or around March 2024.

94. Plaintiff regularly worked approximately eleven (11) hours per day for five (5) days per week and approximately eight-and-a-half (8.5) hours per day for one (1) day per week

when Plaintiff would work a sixth day from in or around January 2024 until in or around March 2024.

95. Thus, Plaintiff was regularly required to work approximately fifty-five (55) to sixty-three-and-a-half (63.5) hours per week from in or around January 2024 until in or around March 2024.

96. Plaintiff was paid by Defendants an hourly rate of $28.00 per hour from in or around January 2024 until in or around March 2024.

97. Plaintiff was paid in combination of check and cash.

98. Although, Plaintiff worked approximately fifty-five (55) to sixty-three-and-a-half (63.5) hours per week from in or around January 2024 until in or around March 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

99. Plaintiff was paid by Defendants approximately every two (2) weeks from in or around February 2024 until in or around March 2024. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

100. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

101. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

102. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

103. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

104. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours

and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

105. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**HORLANDO MONTES VARELA**

106. Plaintiff HORLANDO MONTES VARELA has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around November 2023 until in or around December 2024.

107. Plaintiff regularly worked approximately five (5) to six (6) days per week from in or around November 2023 until in or around December 2024.

108. Plaintiff regularly worked approximately eleven (11) hours per day for five (5) days per week and approximately eight-and-a-half (8.5) hours per day for one (1) day per week when Plaintiff would work a sixth day from in or around November 2023 until in or around December 2024.

109. Thus, Plaintiff was regularly required to work approximately fifty-five (55) to sixty-three-and-a-half (63.5) hours per week, from in or around November 2023 until in or around December 2024.

110. Plaintiff was paid by Defendants an hourly rate of $28.00 per hour from in or around November 2023 until in or around December 2023; an hourly rate of $30.00 per hour from in or around January 2024 until in or around February 2024; and an hourly rate of $32.00 per hour from in or around March 2024 until in or around December 2024.

111. Plaintiff was paid in combination of check and cash.

112. Although, Plaintiff worked approximately fifty-five (55) to sixty-three-and-a-half (63.5) hours per week from in or around November 2023 until in or around December 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

113. Plaintiff was paid by Defendants approximately every two (2) weeks from in or around March 2024 until in or around December 2024. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

114. Moreover, Plaintiff was not compensated at all by Defendants for five (5) days of his employment.

115. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

116. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

117. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

118. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

119. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

120. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**NESTTOR GRIMALDY OVALLE VASQUEZ**

121. Plaintiff NESTTOR GRIMALDY OVALLE VASQUEZ has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around October 2023 until in or around December 2024.

122. Plaintiff regularly worked approximately six (6) days per week from in or around October 2023 until in or around June 2024, and approximately five (5) days per week from in or around July 2024 until in or around December 2024.

123. Plaintiff regularly worked approximately ten-and-a-half (10.5) hours per day for six (6) days per week from in or around October 2023 until in or around June 2024, and approximately nine (9) hours per day for five (5) days per week from in or around July 2024 until in or around December 2024.

124. Thus, Plaintiff was regularly required to work approximately sixty-three (63) hours per week from in or around October 2023 until in or around June 2024 and approximately forty-five (45) hours per week from in or around July 2024 until in or around December 2024.

125. Plaintiff was paid by Defendants an hourly rate of $28.00 per hour from in or around October 2023 until in or around December 2024.

126. Plaintiff was paid in combination of check and cash.

127. Although, Plaintiff worked approximately sixty-three (63) hours per week from in or around October 2023 until in or around June 2024, and approximately forty-five (45) hours per week from in or around July 2024 until in or around December 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

128. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

129. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

130. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

131. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

132. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

133. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**RAMON MENDOZA GARCIA**

134. Plaintiff RAMON MENDOZA GARCIA has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around July 2023 until in or around September 2024.

135. Plaintiff regularly worked approximately six (6) days per week from in or around July 2023 until in or around September 2024.

136. Plaintiff regularly worked approximately ten-and-a-half (10.5) hours per day for five (5) days per week and approximately eight-and-a-half (8.5) hours per day for one (1) day per week from in or around July 2023 until in or around September 2024.

137. Thus, Plaintiff was regularly required to work approximately sixty-one (61) hours per week from in or around July 2023 until in or around September 2024.

138. Plaintiff was paid by Defendants an hourly rate of $25.00 per hour from in or around July 2023 until in or around September 2024.

139. Plaintiff was paid in combination of check and cash.

140. Although, Plaintiff worked approximately sixty-one (61) hours per week from in or around July 2023 until in or around September 2024, Defendants did not pay Plaintiff time and a

half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

141. Plaintiff was paid by Defendants approximately every two (2) weeks from in or around March 2024 until in or around September 2024. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

142. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

143. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

144. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

145. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

146. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

147. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**ROSA ISABEL NOGUERA JARA**

148. Plaintiff ROSA ISABEL NOGUERA JARA has been employed by Defendants as a cleaner and elevator operator, while performing related miscellaneous duties, from in or around November 2023 until in or around June 2024.

149. Plaintiff regularly worked approximately six (6) days per week from in or around November 2023 until in or around June 2024.

150. Plaintiff regularly worked approximately ten-and-a-half (10.5) hours per day for five (5) days per week and approximately eight-and-a-half (8.5) hours per day for one (1) day per week, from in or around November 2023 until in or around June 2024.

151. Thus, Plaintiff was regularly required to work approximately sixty-one (61) hours per week from in or around November 2023 until in or around June 2024.

152. Plaintiff was paid by Defendants an hourly rate of $18.00 per hour from in or around November 2023 until in or around June 2024.

153. Plaintiff was paid in combination of check and cash.

154. Although, Plaintiff worked approximately sixty-one (61) hours per week from in or around November 2023 until in or around June 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

155. Moreover, Plaintiff was not compensated at all by Defendants for two (2) days of her employment.

156. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of her employment as required by the NYLL.

157. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

158. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

159. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

160. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have received for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the NYLL – which she was not.

161. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the NYLL.

## JOSE ARISTIDES BARRERA LOZANO

162. Plaintiff JOSE ARISTIDES BARRERA LOZANO has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around September 2022 until in or around September 2024.

163. Plaintiff regularly worked approximately six (6) days per week from in or around September 2022 until in or around February 2024 and approximately five (5) days per week from in or around March 2024 until in or around September 2024.

164. Plaintiff regularly worked approximately ten-and-a-half (10.5) hours per day for five (5) days per week and approximately eight-and-a-half (8.5) hours per day for one (1) day per week, from in or around September 2022 until in or around February 2024; and approximately eight-and-a-half (8.5) hours per day for five (5) days per week from in or around March 2024 until in or around September 2024.

165. Thus, Plaintiff was regularly required to work approximately sixty-one (61) hours per week from in or around September 2022 until in or around February 2024, and approximately forty-two-and-a-half (42.5) hours per week from in or around March 2024 until in or around September 2024.

166. Plaintiff was paid by Defendants an hourly rate of $24.00 per hour from in or around September 2022 until in or around September 2024.

167. Plaintiff was paid in combination of check and cash.

168. Although, Plaintiff worked approximately sixty-one (61) hours per week from in or around September 2022 until in or around February 2024, and approximately forty-two-and-a-half (42.5) hours per week from in or around March 2024 until in or around September 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

169. Plaintiff was paid by Defendants approximately every two (2) weeks from in or around May 2024 until in or around September 2024. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

170. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

171. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

172. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

173. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

174. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

175. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**JUAN FERNANDO BANEGAS MATUTE**

176. Plaintiff JUAN FERNANDO BANEGAS MATUTE has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around September 2022 until in or around September 2024.

177. Plaintiff regularly worked approximately six (6) days per week from in or around September 2022 until in or around September 2024.

178. Plaintiff regularly worked approximately ten-and-a-half (10.5) hours per day for four (4) days per week and approximately eight-and-a-half (8.5) hours per day for two (2) days per week, from in or around September 2022 until in or around September 2024.

179. Thus, Plaintiff was regularly required to work approximately fifty-nine (59) hours per week from in or around September 2022 until in or around September 2024.

180. Plaintiff was paid by Defendants an hourly rate of $22.00 per hour from in or around September 2022 until in or around December 2022; an hourly rate of $25.00 per hour from in or around January 2023 until in or around December 2023; and an hourly rate of $28.00 per hour from in or around January 2024 until in or around September 2024.

181. Plaintiff was paid in combination of check and cash.

182. Although, Plaintiff worked approximately fifty-nine (59) hours per week from in or around September 2022 until in or around September 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

183. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

184. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

185. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

186. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

187. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

188. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**DARWIN JOSUE MATUTE MEZA**

189. Plaintiff DARWIN JOSUE MATUTE MEZA has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around September 2022 until in or around September 2024.

190. Plaintiff regularly worked approximately six (6) days per week from in or around September 2022 until in or around December 2023; and approximately five (5) days per week from in or around January 2024 until in or around September 2024.

191. Plaintiff regularly worked approximately ten-and-a-half (10.5) hours per day for five (5) days per week and approximately eight-and-a-half (8.5) hours per day for one (1) day per week, from in or around September 2022 until in or around December 2023; and approximately ten-and-a-half (10.5) hours per day for five (5) days per week from in or around January 2024 until in or around September 2024.

192. Thus, Plaintiff was regularly required to work approximately sixty-one (61) hours per week from in or around September 2022 until in or around December 2023; and approximately fifty-two-and-a-half (52.5) hours per week from in or around January 2024 until in or around September 2024.

193. Plaintiff was paid by Defendants an hourly rate of $22.00 per hour from in or around September 2022 until in or around December 2022; an hourly rate of $25.00 per hour from

in or around January 2023 until in or around December 2023; and an hourly rate of $28.00 per hour from in or around January 2024 until in or around September 2024.

194. Plaintiff was paid in combination of check and cash.

195. Although, Plaintiff worked approximately sixty-one (61) hours per week from in or around September 2022 until in or around December 2023; and approximately fifty-two-and-a-half (52.5) hours per week from in or around January 2024 until in or around September 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

196. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

197. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

198. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

199. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

200. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

201. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**ERLIN DANILO SOLIS VILLALTA**

202. Plaintiff ERLIN DANILO SOLIS VILLALTA has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around November 2019 until in or around September 2024.

203. During the relevant statutory period, Plaintiff regularly worked approximately five (5) to six (6) days per week.

204. During the relevant statutory period, Plaintiff regularly worked approximately eight-and-a-half (8.5) hours per day for two (2) to three (3) days per week and approximately ten-and-a-half (10.5) hours per day for three (3) days per week.

205. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately forty-eight-and-a-half (48.5) to fifty-seven (57) hours per week.

206. During the relevant statutory period, Plaintiff was paid by Defendants an hourly rate of $32.00 per hour from in or around August 2020 until in or around December 2023 and an hourly rate of $33.00 per hour from in or around January 2024 until in or around September 2024.

207. Plaintiff was paid in combination of check and cash.

208. Although, during the relevant statutory period, Plaintiff worked approximately forty-eight-and-a-half (48.5) to fifty-seven (57) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

209. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

210. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

211. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

212. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

213. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

214. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**RIDONIER ESPINOZA VELASQUEZ**

215. Plaintiff RIDONIER ESPINOZA VELASQUEZ has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around March 2021 until in or around September 2024.

216. Plaintiff regularly worked approximately five (5) to six (6) days per week from in or around March 2021 until in or around September 2024.

217. Plaintiff regularly worked approximately eight-and-a-half (8.5) hours per day for two (2) to three (3) days per week and approximately ten-and-a-half (10.5) hours per day for three (3) days per week from in or around March 2021 until in or around September 2024.

218. Thus, Plaintiff was regularly required to work approximately forty-eight-and-a-half (48.5) to fifty-seven (57) hours per week from in or around March 2021 until in or around September 2024.

219. Plaintiff was paid by Defendants an hourly rate of $30.00 per hour from in or around March 2021 until in or around September 2024.

220. Plaintiff was paid in combination of check and cash.

221. Although, Plaintiff worked approximately forty-eight-and-a-half (48.5) to fifty-seven (57) hours per week from in or around March 2021 until in or around September 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

222. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

223. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

224. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

225. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

226. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

227. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**<u>OSCAR EMILIO CARDONA GARCIA</u>**

228. Plaintiff OSCAR EMILIO CARDONA GARCIA has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around August 2021 until in or around August 2024.

229. Plaintiff regularly worked approximately five (5) to six (6) days per week from in or around August 2021 until in or around August 2024.

230. Plaintiff regularly worked eight-and-a-half (8.5) hours per day for two (2) to three (3) days per week and approximately ten-and-a-half (10.5) hours per day for three (3) days per week from in or around August 2021 until in or around August 2024.

231. Thus, Plaintiff was regularly required to work approximately forty-eight-and-a-half (48.5) to fifty-seven (57) hours per week from in or around August 2021 until in or around August 2024.

232. Plaintiff was paid by Defendants an hourly rate of $38.00 per hour from in or around August 2021 until in or around August 2024.

233. Plaintiff was paid in combination of check and cash.

234. Although, Plaintiff worked approximately forty-eight-and-a-half (48.5) to fifty-seven (57) hours per week from in or around August 2021 until in or around August 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

235. Plaintiff was paid by Defendants approximately every two (2) weeks from in or around September 2021 until in or around August 2024. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

236. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

237. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

238. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

239. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

240. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge

about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

241. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**JUAN MACEDA GARCIA**

242. Plaintiff JUAN MACEDA GARCIA has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around February 2019 until in or around September 2024.

243. During the relevant statutory period, Plaintiff regularly worked approximately five (5) to six (6) days per week.

244. During the relevant statutory period, Plaintiff regularly worked approximately eight-and-a-half (8.5) hours per day for three (3) to four (4) days per week and approximately ten-and-a-half (10.5) hours per day for two (2) days per week.

245. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) to fifty-five (55) hours per week.

246. During the relevant statutory period, Plaintiff was paid by Defendants an hourly rate of $30.00 per hour from in or around August 2020 until in or around December 2021; an hourly rate of $32.00 per hour from in or around January 2022 until in or around December 2022; and an hourly rate of $33.00 per hour from in or around January 2023 until in or around September 2024.

247. Plaintiff was paid in combination of check and cash.

248. Although, during the relevant statutory period, Plaintiff worked approximately forty-six-and-a-half (46.5) to fifty-five (55) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

249. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

250. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

251. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

252. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

253. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

254. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**<u>BONNY HERNANDEZ DE LA CRUZ</u>**

255. Plaintiff BONNY HERNANDEZ DE LA CRUZ has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around September 2019 until in or around July 2024.

256. During the relevant statutory period, Plaintiff regularly worked approximately five (5) to six (6) days per week.

257. During the relevant statutory period, Plaintiff regularly worked approximately eight-and-a-half (8.5) hours per day for three (3) to four (4) days per week and approximately ten-and-a-half (10.5) hours per day for two (2) days per week.

258. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) to fifty-five (55) hours per week.

259. During the relevant statutory period, Plaintiff was paid by Defendants an hourly rate of $30.00 per hour from in or around August 2020 until in or around December 2023; and an hourly rate of $35.00 per hour from in or around January 2024 until in or around July 2024.

260. Plaintiff was paid in combination of check and cash.

261. Although, during the relevant statutory period, Plaintiff worked approximately forty-six-and-a-half (46.5) to fifty-five (55) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

262. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

263. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

264. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

265. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

266. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

267. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**CARLOS ROBERTO ALFARO CEVEDA**

268. Plaintiff CARLOS ROBERTO ALFARO CEVEDA has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around May 2019 until in or around September 2024.

269. During the relevant statutory period, Plaintiff regularly worked approximately five (5) to six (6) days per week.

270. During the relevant statutory period, Plaintiff regularly worked approximately eight (8) hours per day for three (3) to four (4) days per week and approximately nine (9) hours per day for two (2) days per week.

271. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately forty-two (42) to fifty (50) hours per week.

272. During the relevant statutory period, Plaintiff was paid by Defendants an hourly rate of $30.00 per hour from in or around August 2020 until in or around December 2021; an hourly rate of $32.00 per hour from in or around January 2022 until in or around December 2022; and an hourly rate of $33.00 per hour from in or around January 2023 until in or around September 2024.

273. Plaintiff was paid in combination of check and cash.

274. Although, during the relevant statutory period, Plaintiff worked approximately forty-two (42) to fifty (50) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

275. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

276. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

277. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

278. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

279. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

280. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**JESUS AYALA MARTINEZ**

281. Plaintiff JESUS AYALA MARTINEZ has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around July 2022 until in or around October 2024.

282. Plaintiff regularly worked approximately five (5) to six (6) days per week from in or around July 2022 until in or around October 2024.

283. Plaintiff regularly worked approximately ten (10) hours per day from in or around July 2022 until in or around October 2024.

284. Thus, Plaintiff was regularly required to work approximately fifty (50) to sixty (60) hours per week from in or around July 2022 until in or around October 2024.

285. Plaintiff was paid by Defendants an hourly rate of $30.00 per hour from in or around July 2022 until in or around October 2024.

286. Plaintiff was paid in combination of check and cash.

287. Although, Plaintiff worked approximately fifty (50) to sixty (60) hours per week from in or around July 2022 until in or around October 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

288. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

289. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

290. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

291. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

292. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

293. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

## ANIBAL REYES GAMEZ

294. Plaintiff ANIBAL REYES GAMEZ has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around October 2021 until in or around October 2024.

295. Plaintiff regularly worked approximately five (5) to six (6) days per week from in or around October 2021 until in or around October 2024.

296. Plaintiff regularly worked approximately ten (10) hours per day from in or around October 2021 until in or around October 2024.

297. Thus, Plaintiff was regularly required to work approximately fifty (50) to sixty (60) hours per week from in or around October 2021 until in or around October 2024.

298. Plaintiff was paid by Defendants an hourly rate of $30.00 per hour from in or around October 2021 until in or around October 2024.

299. Plaintiff was paid in combination of check and cash.

300. Although, Plaintiff worked approximately fifty (50) to sixty (60) hours per week from in or around October 2021 until in or around October 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

301. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

302. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

303. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

304. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

305. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

306. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

**ROSA AMELIA GUAMAN LOJANO**

307. Plaintiff ROSA AMELIA GUAMAN LOJANO has been employed by Defendants as a cleaner and elevator operator, while performing related miscellaneous duties, from in or around July 2019 until in or around July 2024.

308. During the relevant statutory period, Plaintiff regularly worked approximately six (6) days per week.

309. During the relevant statutory period, Plaintiff regularly worked approximately twelve-and-a-half (12.5) hours per day.

310. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately seventy-five (75) hours per week.

311. During the relevant statutory period, Plaintiff was paid by Defendants an hourly rate of $16.00 per hour from in or around August 2020 until in or around December 2022; and an hourly rate of $18.00 per hour from in or around January 2023 until in or around July 2024.

312. Plaintiff was paid in combination of check and cash.

313. Although, during the relevant statutory period, Plaintiff worked approximately seventy-five (75) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

314. Moreover, Plaintiff was not compensated at all by Defendants for two (2) days of her employment.

315. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of her employment as required by the NYLL.

316. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

317. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

318. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

319. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have received for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the NYLL – which she was not.

320. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the NYLL.

**ALLAN NOE RIVAS GOMEZ**

321. Plaintiff ALLAN NOE RIVAS GOMEZ has been employed by Defendants as a construction worker, while performing related miscellaneous duties, from in or around August 2022 until in or around December 2024.

322. Plaintiff regularly worked approximately six (6) days per week from in or around August 2022 until in or around December 2024.

323. Plaintiff regularly worked approximately ten-and-a-half (10.5) hours per day for five (5) days per week and approximately eight-and-a-half (8.5) hours per day for one (1) day per week from in or around August 2022 until in or around December 2024.

324. Thus, Plaintiff was regularly required to work approximately sixty-one (61) hours per week from in or around August 2022 until in or around December 2024.

325. Plaintiff was paid by Defendants an hourly rate of $22.00 per hour from in or around August 2022 until in or around December 2022; and an hourly rate of $25.00 per hour from in or around January 2023 until in or around December 2024.

326. Plaintiff was paid in combination of check and cash.

327. Although, Plaintiff worked approximately sixty-one (61) hours per week from in or around August 2022 until in or around December 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

328. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the NYLL.

329. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

330. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

331. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

332. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the NYLL – which he was not.

333. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

334. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

335. Collective Class: All persons who are or have been employed by the Defendants as construction workers, cleaners, elevator operators or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

336. Upon information and belief, Defendants employed approximately 50 or more employees within the past three years subjected to similar payment structures.

337. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

338. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without appropriate overtime and wage compensation

339. Defendants' unlawful conduct has been widespread, repeated, and consistent.

340. Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and wages.

341. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

342. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

343. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

344. The claims of Plaintiffs are typical of the claims of the putative class.

345. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

346. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

347. Plaintiffs sue on their own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second, Third, Fourth and Fifth Causes of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> Construction workers, cleaners, elevator operators or other similarly titled personnel who are currently or have been employed by the Defendants at CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC, CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC,, at various job sites throughout New York and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek, received delayed payments and were never compensated by the Defendants for their work performed, during the six (6) years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

348. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

349. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a. Whether Defendants unlawfully failed to pay overtime compensation, failed to timely pay wages, failed to pay wages, failed to provide compliant wage notices, and failed to provide accurate wage statements, in violation of the NYLL;
b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;
c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;
d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;
e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and
f. Whether Defendants should be enjoined from such violations in the future.
g. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.
h. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

350. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages, failure to timely pay wages and failure to pay wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

351. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

352. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages the failure to timely pay wages, the failure to pay wages, the failure to provide wage notices and wage statements, and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

353. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

**<u>FIRST CAUSE OF ACTION</u>**

**Overtime Wages Under The Fair Labor Standards Act**

354. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

355. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

356. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

357. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

358. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

359. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

360. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

361. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

362. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

363. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

364. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Unpaid Wages Under The Fair Labor Standards Act

365. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

366. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

367. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

425. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

426. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

427. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

428. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

429. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New York Labor Law

430. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

431. Defendants willfully violated the rights of Plaintiffs by failing to pay their wages owed on a weekly basis in which their wages were earned, in violation of New York Labor Law § 191.

432. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

433. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SIXTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

434. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

435. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

436. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

437. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

438. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid wages;
d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs' liquidated damages for Defendants' failure to timely pay Plaintiffs' wages;
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: August 27, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAUL ANTONIO SOSA DUARTE, SANTIAGO DE JESUS VASQUEZ HERNANDEZ, MARTIN FAUSTO GONZALEZ PEREZ, HORLANDO MONTES VARELA, NESTTOR GRIMALDY OVALLE VASQUEZ, RAMON MENDOZA GARCIA, ROSA ISABEL NOGUERA JARA, JOSE ARISTIDES BARRERA LOZANO, JUAN FERNANDO BANEGAS MATUTE, DARWIN JOSUE MATUTE MEZA, ERLIN DANILO SOLIS VILLALTA, RIDONIER ESPINOZA VELASQUEZ, OSCAR EMILIO CARDONA GARCIA, JUAN MACEDA GARCIA, BONNY HERNANDEZ DE LA CRUZ, CARLOS ROBERTO ALFARO CEVEDA, JESUS AYALA MARTINEZ, ANIBAL REYES GAMEZ, ROSA AMELIA GUAMAN LOJANO, and ALLAN NOE RIVAS GOMEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

CROSSCITY CONSTRUCTION CORP., NYC MODERN CONSTRUCTION INC., CROSSCITY INSPECTION SERVICES, INC., US YUCHANG TRADING COMPANY CORPORATION, NYC EDEN CONSTRUCTION INC., YAN ZHI HOTEL MANAGEMENT INC., CHERRY BLOSSOM MANAGEMENT CORP., and MEIQIAO LLC, and WEIHONG HONG HU, QIAOYU GE, and XIAOZHUANG GE, as individuals,

Defendants.

---

**CLASS/COLLECTIVE ACTION COMPLAINT**

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

*via Secretary of State service:*

**CROSSCITY CONSTRUCTION CORP. (DOS ID: 3899120)**
38-61 12TH STREET, LONG ISLAND CITY, NY, 11101

**NYC MODERN CONSTRUCTION INC. (DOS ID: 5761086)**
61-27 186TH STREET, FRESH MEADOWS, NY, 11365

**CROSSCITY INSPECTION SERVICES, INC. (DOS ID: 5007059)**
61-27 186TH STREET, FRESH MEADOWS, NY, 11365

**US YUCHANG TRADING COMPANY CORPORATION (DOS ID: 4308053)**
61-27 186TH STREET, FRESH MEADOWS, NY, 11365

**NYC EDEN CONSTRUCTION INC. (DOS ID: 5761071)**
7 BEVERLY ROAD, GREAT NECK, NY, 11021

**YAN ZHI HOTEL MANAGEMENT INC. (DOS ID: 4451422)**
61-27 186TH STREET, FRESH MEADOWS, NY, 11365

**CHERRY BLOSSOM MANAGEMENT CORP. (DOS ID: 5881841)**
213-37 39TH AVENUE, #160, BAYSIDE, NY, 11361

**MEIQIAO LLC (DOS ID: 5287157)**
61-27 186TH STREET, FRESH MEADOWS, NY, 11365

*Via Personal Service:*
**WEIHONG HONG HU**
61-27 186TH STREET, FRESH MEADOWS, NY, 11365

**QIAOYU GE**
61-27 186TH STREET, FRESH MEADOWS, NY, 11365

**XIAOZHUANG GE**
61-27 186TH STREET, FRESH MEADOWS, NY, 1136